UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOWARD KEARSE, | |
| Petitioner, | 24-CV-4015 (LTS) |
| -against- | ORDER DIRECTING PAYMENT OF FEE OR IFP APPLICATION AND ORIGINAL SIGNATURE |
| SUPERINTENDENT M. KOPP, | |
| Respondent. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is proceeding *pro se*, brings this petition for a writ of *habeas corpus*. To proceed with a petition for a writ of *habeas corpus* in this court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* ("IFP"), submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

Petitioner submitted the petition without the filing fee or an IFP application. Within 30 days of the date of this order, Petitioner must either pay the $5.00 filing fee or complete and submit the attached IFP application. If Petitioner submits the IFP application, it should be labeled with docket number 24-CV-4015 (LTS). If the Court grants the IFP application, Petitioner will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

Furthermore, Petitioner submitted the petition without a signature. Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." *See also* Local Civil Rule 11.1(a). The Supreme Court has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001).

Petitioner is therefore also directed to resubmit the signature page of the petition with an original signature to the Court within 30 days of the date of this order. A copy of the signature page is attached to this order.

No answer shall be required at this time. If Petitioner complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

## CONCLUSION

The Court directs Petitioner, within thirty days, to either pay the $5.00 filing fee or complete and submit the attached IFP application. The Court further directs Petitioner, within 30 days, to resubmit the signature page of the petition with an original signature to the Court.

If Petitioner fails to comply with this order within the time allowed, the action will be dismissed.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 3, 2024
         New York, New York

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    Chief United States District Judge